IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DARRELL EUGENE BROWN,             :
                                  :
        Plaintiff,                :
                                  :
VS.                               :
                                  :   NO. 5:14-CV-336 (MTT)
DANIEL PORTER, *et al.*,          :
                                  :
        Defendants.               :   **O R D E R**


Before the Court is Plaintiff **DARRELL EUGENE BROWN'S** motion to reconsider (Doc. 7) this Court's October 1, 2014 Order (Doc. 5).   Plaintiff has also filed a second motion to proceed *in forma pauperis* ("IFP") (Doc. 8).

The Court dismissed Plaintiff's complaint without prejudice because Plaintiff, while incarcerated, has incurred at least three "strikes," *i.e.*, prior actions or appeals that have been dismissed as frivolous, malicious, or for failing to state a claim under 28 U.S.C. § 1915(g), and Plaintiff was not under imminent danger of serious physical injury when he filed this lawsuit. The Court additionally concluded that Plaintiff's failure to disclose his previous lawsuits warranted dismissal of his complaint, as did the Supreme Court's decision in **Heck v. Humphrey**, 512 U.S. 477 (1994).   Finally, the Court noted that one form of relief requested by Plaintiff – release from prison – is not available under section 1983.

In his motion to reconsider, Plaintiff states that he can satisfy the imminent danger exception, as he is confined in one of Georgia's "worst" prisons, Macon State Prison ("MSP"), where there have been "excessive deaths and multiple stabbings within the last [six] months." (Doc. 7-2).   Plaintiff further states that gang-related inmates have attempted to harm him

three times "this week" and that he is "daily being sexually harassed by homosexual men." *Id.* As to failure to disclose prior lawsuits, Plaintiff appears to suggest that he cannot remember his prior lawsuits because, on an unspecified date, he was "assaulted [on the head] with a lock."  (Doc. 7).

Plaintiff provides no basis for the Court to reconsider its dismissal of this action. He raised no claims in his complaint arising out of the conditions of confinement at MSP. Instead, Plaintiff complained only about his 2003 conviction. The allegations in Plaintiff's motion to reconsider regarding the dangerous conditions at MSP are thus wholly unrelated to the instant action. Such conditions therefore do not support availability of the imminent danger exception to the three strikes rule. The Court also has serious doubts regarding the credibility of Plaintiff's claim that he could not remember his prior lawsuits.

If Plaintiff wishes to bring an action asserting failure to protect or other claims arising out of his confinement at MSP, he must file a new lawsuit in which names only the responsible MSP officials and states specific facts to satisfy the imminent danger exception to the three strike rule. Alternatively, Plaintiff may pay the entire $400.00 filing fee at the time of filing the new complaint.

In light of the above, Plaintiff's motion to reconsider is **DENIED** and his second motion to proceed IFP is **DENIED AS MOOT**.

**SO ORDERED**, this 28th day of October, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

cr